```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

AMERICAN CLASSIC                              CIVIL ACTION
DEVELOPMENT, L.L.C.

VERSUS                                        NO: 07-7382


FLEETWOOD ENTERPRISES, INC.,                  SECTION: J(5)
ET AL
```

**ORDER AND REASONS**

Before the Court is Defendant **Trendsetter Homes, Inc.'s Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 7).** This motion, which is opposed, was set for hearing on April 2, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should be granted.

**Background Facts**

This cases arises out of a contract dispute. Plaintiffs filed suit against manufacturers of modular housing. Plaintiffs allegedly contracted with these manufacturers to sell modular homes in southeast Louisiana. However, Defendants allegedly failed to provide the modular housing plans, specifications, pricing, and final product as contemplated in the contract.

The case was originally filed in St. Bernard Parish and removed pursuant to this Court's diversity jurisdiction. Plaintiffs American Classic Development, L.L.C., THS Investments, L.L.C. and Trendset Homes Sales, L.L.C. are Louisiana entities with their principal places of business in Louisiana. Defendant Fleetwood Enterprises, Inc. ("Fleetwood") is a Delaware corporation with its principal place of business in California. However, Defendant Trendsetter Homes, Inc. ("Trendsetter") is a Louisiana corporation. Upon removal, Fleetwood pled improper joinder of Trendsetter, alleging that all of Plaintiffs' claims arise out of dealings with "Trendsetter Homes, A Division of Fleetwood Enterprises, Inc." and not with "Trendsetter Homes, Inc."[1]

As a result, Defendant Trendsetter Homes filed the instant motion to dismiss itself as a party, as it had no business or other dealings with Plaintiffs. Shortly thereafter, and before the motion to dismiss was ruled on, Plaintiffs filed a motion to remand, arguing that Trendsetter was not improperly joined. The motion to remand was denied. The Court now turns to Trendsetter's motion to dismiss.

## Discussion

As set forth by the Supreme Court in <u>Bell Atlantic Corp. v.</u>

---

[1] Fleetwood further argues that to date, Trendsetter has never conducted any business and exists only in corporate form.

Twombly, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiffs have stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiffs are entitled to relief.  The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. Tanglewood East Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572 (5th Cir. 1988).

This Court determines that Plaintiffs have no cause of action against Trendsetter as Plaintiffs' claims arise solely out of their dealings with "Trendsetter Homes, A Division of Fleetwood Enterprises, Inc."  As a result, Trendsetter's motion to dismiss must be granted.  Accordingly,

**IT IS ORDERED** that Defendant **Trendsetter Homes, Inc.'s Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 7)** is hereby **GRANTED.**

New Orleans, Louisiana, this 7th day of April, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE